**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FELIPE SALAS GABINO, | ) | |
| Petitioner, | ) | |
| v. | ) | 3:26-cv-01377 |
| MARKWAYNE MULLIN, *et al.*, | ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER DENYING MOTION TO ENFORCE JUDGMENT**

Pending before the Court is Petitioner's Motion to Enforce Judgment ECF No. 13. This Motion came after the undersigned granted in part and denied in part Petitioner's Petition for Writ of Habeas Corpus. (ECF No. 8). In his Petition, Petitioner argued that Respondents were erroneously detaining him under 8 U.S.C. § 1225(b)(2). (ECF No. 1, at 2). The Court agreed and Ordered that Petitioner receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226 no later than thirty (30) days from the date of that Order. (ECF No. 8).

Thirty-one days after that Order, Petitioner still had not received a bond hearing. On August 24, 2026, Respondents asked this Court for a ten-day extension to comply with the Court's Order at ECF No. 8. (ECF No. 9, at 1). That same day, the undersigned granted Respondents' Motion to Extend Time to 9/3/26. (ECF No. 10). Shortly after this Order was filed on the docket, Petitioner filed a Brief in Opposition to Respondents' Motion to Extend Time to 9/3/26. (ECF No. 11). Treating this Brief in Opposition as a request for reconsideration, the Court declined to reconsider, noting that Respondents' error "was not resulting from any bad faith[.]"

A few days later, Petitioner filed the pending Motion to Enforce Judgment, Motion for Sanctions. (ECF No. 13). By this time, a bond hearing had been held, but Petitioner argued—and Respondents did not disagree—that this bond hearing was constitutionally inadequate. (ECF Nos. 14, at 1; 16, at 1-2). This August 24, 2026 bond hearing suffered from two deficiencies: Petitioner was not given notice that a bond hearing would be occurring that day and Petitioner's counsel was not given notice of the bond hearing and, thus, was not in attendance. (*Id*. at 7). The Immigration Judge denied Petitioner bond at this bond hearing, upon a finding that Petitioner did not meet his burden to establish that he is not a flight risk. (*Id*. at 1).

Petitioner's Motion for Sanctions (ECF No. 13) was not targeted at "the actions of the U.S. Attorney's Office in missing the initial deadline to hold a hearing[,]" but instead was generally aimed at the "general practice of the immigration court[.]" (ECF No. 14, at 20-21). The undersigned — "harbor[ing] substantial doubt that among its remedial authorities is the sanctioning of an Immigration Judge" — denied Petitioner's Motion for Sanctions, leaving only the question of whether the Petitioner's custody is lawful. (ECF No. 20).

Respondents filed a Response to Petitioner's Motion to Enforce Judgment, Motion for Sanctions on September 3, 2026—the date of the extended deadline for Petitioner to receive a bond hearing. (ECF No. 16). In this Response, Respondents cataloged the efforts they had undertaken to remedy their errors in this case. (*Id*. at 3). Respondents' Counsel reached out to Petitioner's Counsel and, "[d]ue to collaborative efforts between counsel, a second bond hearing was scheduled for September 3 at 8:30 a.m." (*Id*. at 2). The IJ denied bond at the September 3, 2026 bond hearing, as well. (*Id*.).

Petitioner then moved for an Extension of Time to File Response/Reply, (ECF No. 17), which the Court granted, setting a deadline for the Petitioner's final memorandum to be filed by

September 9, 2026, (ECF No. 20). Petitioner's Reply Brief has since been filed and Petitioner's Motion to Enforce Judgment is now ripe for resolution. (ECF No. 21).

Petitioner argues that the perceived evils of the August 24, 2026, bond hearing were not remedied by the September 3, 2026 bond hearing. (*Id*. at 5). This is because, Petitioner argues, the September 3, 2026 bond hearing was simply a "redo" of the August 24, 2026 bond hearing that resulted in a "'rubberstamp denial' to provide the appearance of due process[.]" (*Id*. at 5 (quoting *Chi Thon Ngo v. INS*, 192 F.3d 390, 398 (3d Cir. 1999)). Further, Petitioner maintains that the IJ who presided over both bond hearings was not truly neutral. (*Id*. at 2, 5).

Petitioner is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a). (ECF No. 8, at 1). Under that statute and its implementing regulations he is entitled to a "prompt bond hearing." *Borbot, v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018). A district court is limited to reviewing "the adequacy of process" the petitioner received at his bond hearing and cannot second guess "any discretionary determinations underlying the IJ's bond decision[.]" *Quinteros v. Warden Pike Cnty. Corr. Facility*, 784 F. App'x 75, 78 (3d Cir. 2019) (unreported). A bond hearing is fundamentally fair and complies with Due Process when "[a]n alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) [is] allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his or her interests." *Id*. (quoting *Abdulai v. Ashcroft*, 239 F.3d 542, 549 (3d Cir. 2001)).

"A bond hearing is individualized 'if it is not so arbitrary that it would offend fundamental tenants of due process' and 'if there is a discernable rational basis for the underlying administrative decision, and the immigration judge applies the correct legal standards[.]'" *Zheng v. Rokosky*, 826

F. Supp. 3d 545, 556 (D.N.J. 2026) (quoting *Vasquez-Rosario v. Noem*, No. 25-7427, 2026 WL 395711, at *2 (E.D. Pa. Feb. 12, 2026)).

In the bond hearing, Petitioner presented evidence that he was not a danger to his community nor a flight risk. (ECF No. 19 (Audio File), at 01:00-01:58). Petitioner's Counsel pointed to a draft "42-B Application," (*id*. at 01:03), Petitioner's nine-year old son, (*id*. at 01:05), Petitioner's fixed address, (*id*. at 01:18), and the fact that Petitioner is an involved father (*id*. at 01:20), employed, (*id*. at 01:22) and has a sponsor (*id*. at 01:23). The IJ also engaged with Petitioner's Counsel with numerous follow up questions including: (1) Whether Petitioner's son regularly resides with Petitioner, (*id*. at 03:50); (2) whether it was true that Petitioner had only filed taxes in the United States one time, (*id*. at 04:24); and (3) details and status of Petitioner's numerous vehicle and traffic infractions, (*id*. at 05:25).

The IJ noted that Petitioner did not provide evidence of continuous, lawful, gainful employment in the United States because Petitioner is reportedly self-employed and has only filed taxes in the United States one time, although he had resided here for more than twenty years. (*Id*. at 04:46). And the IJ found that Petitioner's "multiple failures to appear" related to various vehicle and traffic infractions indicated that Petitioner may not appear in the IJ's court if released on bond. (*Id*. at 07:41).

A review of the bond hearing confirms that Petitioner was permitted to make arguments on his behalf through counsel and that the IJ made an individualized determination as to Petitioner's interests. The IJ's consideration of the arguments advanced and the evidence presented was detailed and specific. The IJ based her decision denying bond upon a finding that Petitioner was a flight risk, while specifically referencing the evidence that Petitioner's counsel had addressed. *See Quinteros*, 784 F. App'x at 78 (finding bond hearing satisfied Due Process where petitioner was

given opportunity to make arguments on their own behalf and the IJ issued "an assessment particular to" the details of the petitioner's case); *Zheng*, 826 F. Supp. 3d at 558 (finding bond hearing was not constitutionally adequate where "IJ did not provide even a minimal articulation of the basis of her decision."). To the extent that Petitioner disagrees with how the IJ weighed the evidence that was before her, this Court has no authority to second guess the IJ's findings in that respect. *See Jin v. Warden*, No. 26-4911, 2026 WL 2582867, at * 2 (D.N.J. Sept. 1, 2026). Because Petitioner's bond hearing was fundamentally fair, Petitioner's challenge to the constitutional sufficiency of his bond hearing must be denied.

AND NOW, this 22nd day of September, 2026, IT IS HEREBY ORDERED that Petitioner's Motion to Enforce Judgment, (ECF No. 13), is DENIED.

The Clerk will close the case on the docket without prejudice, and the Court retains jurisdiction over the action and the parties pending further proceedings, as may be appropriate, including interpretation or enforcement of its Orders.

/s/ Mark R. Hornak
UNITED STATES DISTRICT JUDGE

Dated: 9/22/2026